**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALBIR SINGH, | No. 10-70403 |
| Petitioner, | Agency No. A074-395-223 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2014[**]
San Francisco, California

Before:  GRABER and NGUYEN, Circuit Judges, and DEARIE, Senior District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

[***]     The Honorable Raymond J. Dearie, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Balbir Singh, a native of India, petitions for review of an order issued by the Board of Immigration Appeals ("BIA") denying as untimely his motion to reopen deportation proceedings. We previously denied Singh's petition to review a BIA order affirming the immigration judge's denial of Singh's applications for asylum, withholding of deportation, and relief under the Convention Against Torture on the basis of an adverse credibility determination. See Singh v. Gonzales, 202 F. App'x 188, 189 (9th Cir. 2006). We now deny Singh's petition to review the BIA's denial of the motion to reopen.

"'We review for abuse of discretion the BIA's denial of a motion to reopen.'" Feng Gui Lin v. Holder, 588 F.3d 981, 984 (9th Cir. 2009) (quoting He v. Gonzales, 501 F.3d 1128, 1130 (9th Cir. 2007)). Furthermore, "[w]e review the BIA's determination of purely legal questions de novo, and review its factual findings for substantial evidence." Najmabadi v. Holder, 597 F.3d 983, 986 (9th Cir. 2010).

Although Singh was placed in deportation proceedings prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, his motion is nevertheless subject to the time and numeric limitations set forth at 8 C.F.R. § 1003.2(c)(2). Singh filed his motion to reopen on June 29, 2009, more than two years past the 90-day regulatory time limitation. The motion was

2

therefore untimely, unless Singh could establish the applicability of the exception for changed country circumstances set forth at 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in determining that Singh failed to do so. The immigration judge originally denied Singh's application because he found Singh's testimony that Punjabi police persecuted him for suspected "association with individuals in a militant organization" not credible. See Singh, 202 F. App'x at 189. We concluded that substantial evidence supported that adverse credibility determination. Id. Consequently, Singh's evidence of purportedly worsening conditions for persons suspected of Sikh militancy is not "material." See Toufighi v. Mukasey, 538 F.3d 988, 996-97 (9th Cir. 2008) (upholding denial of motion to reopen based on evidence of worsening conditions for religious converts where the petitioner had not established that he had truly converted).

In addition, the BIA did not abuse its discretion when it concluded that Singh's evidence failed to establish that the treatment of suspected Sikh militants has worsened since his application was originally denied in 2003. Although the BIA's written opinion was certainly terse, the BIA need only "'announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" Najmabadi, 597 F.3d at 990 (quoting Lopez v. Ashcroft, 366 F.3d 799, 807 n.6 (9th Cir. 2004)). Singh's evidence was not

3

"qualitatively different" from the evidence that he had submitted in support of his application. See Id. at 987. The evidence in both instances consisted of reports demonstrating abuse by Indian authorities, and the evidence submitted in support of the motion to reopen did not show that "circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir. 2004).

Finally, because the BIA did not abuse its discretion in rejecting the motion as untimely, it was under no obligation to consider Singh's request for an adjustment of status. See Ekimian v. INS, 303 F.3d 1153, 1156 (9th Cir. 2002) (applying 90-day time limitation to motion to reopen seeking adjustment of status).

**PETITION FOR REVIEW DENIED.**